IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**FREDERICK SMITH**                                                                                     PLAINTIFF

v.                                              No. 3:14-cv-254-DPM

**DEMOCRATIC PARTY ARKANSAS; WILL BOND,**
**Individual Capacity, Chairman Democratic Party**
**Arkansas; CANDACE MARTIN, Individual Capacity,**
**Spokeswoman DPA; MIKE BEEBE, Head of**
**Democratic Party Arkansas, Individual Capacity; and**
**MARK MARTIN, Chairman of State Election**
**Commission/Secretary of State, Individual Capacity**          **DEFENDANTS**

ORDER

**1.** The Court notes Smith's interlocutory appeal of this Court's ruling on judicial immunity. № 32. The appeal doesn't affect this Court's jurisdiction on unrelated parts of the case. *Chambers v. Pennycook*, 641 F.3d 898, 904 (8th Cir. 2011). And no stay has been sought or entered.

**2.** The Court granted Smith more time to correctly serve defendants Candace Martin, Will Bond, the Democratic Party of Arkansas, and Mike Beebe. № 15. Smith tried, but again failed to properly serve any of them. He attempted to serve these defendants by mail, but didn't restrict delivery to the particular defendant or his or her agents. № 22, 24 & 25; FED. R. CIV. P. 4(e) & ARK. R. CIV. P. 4(d)(8)(A)(i). It's also unclear whether Smith attempted service

on a Democratic Party of Arkansas agent authorized to receive service. № 22; FED. R. CIV. P. 4(e) & ARK. R. CIV. P. 4(d). Finally, there is a summons problem. Smith's proofs of service do not show that he provided a summons with the complaint to any defendant after the Court ordered new service. № 21, 22, 23, 24 & 25. A summons is an essential ingredient of good service. FED. R. CIV. P. 4(c). Smith's claims against these defendants will therefore be dismissed without prejudice.

3. Secretary of State Mark Martin got the mail from Smith when service was re-attempted. № 21. Assuming that this constituted good service, Smith's federal claims against Martin fail as a matter of law. Martin, as Arkansas's chief election official, is entitled at the minimum to qualified immunity because he followed a facially valid court order to not count votes cast for Smith in the Democratic primary. Martin was duty-bound to obey the order; his conduct did not violate a "clearly established constitutional or statutory right." *Bush v. Rauch*, 38 F.3d 842, 848 (6th Cir. 1994). All Smith's federal claims against Martin will therefore be dismissed with prejudice. In these circumstances, the Court declines to exercise supplemental jurisdiction over Smith's state-law claims for libel and slander against Martin. They will be

dismissed without prejudice. 28 U.S.C. § 1367(c)(3); *Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006).

* * *

Defendants' motions to dismiss — № 18, 26, & 28 — are granted. Smith's various papers mostly respond to defendants' motions; but to the extent № 29, 30, 31, 38, & 44 contain embedded requests for relief, these motions are denied.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

18 September 2015